IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ERICKA HALL, | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-01351-MJT-CLS |
| WALMART INC, | § | |
| *Defendant*. | § | |

## ORDER CONDITIONALLY DISMISSING CLAIMS

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

On January 15, 2026, Judge Stetson found that the Court lacked jurisdiction because Plaintiff pleaded "an indeterminate amount of damages," which does not establish the amount in controversy required for jurisdiction under 28 U.S.C. § 1332. Thereafter, Judge Stetson recommended that this Court conditionally dismiss Plaintiff's claims for lack of subject-matter jurisdiction and allow her fourteen (14) days to replead her complaint. *See* [Dkt. 7].

Plaintiff did not object to the Report and Recommendation, but on January 29, 2026, she filed a "Motion Pursuant to Federal Rule of Civil Procedure 60(a) for Relief from the Court's Order Dated January 15, 2026[,] or in the Alternative Motion for Clarification of Order." [Dkt. 8]. This motion violates the Eastern District of Texas Local Rules. While Plaintiff is *pro se*, this "does not exempt [her] from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

Although motions for alternative relief are permitted, all relief requested in such motions must truly be alternative. The title of Plaintiff's motion suggests that the relief sought is alternative, but it also contains requests for extensions of time to amend her complaint and to effect service of process. *See* [Dkt. 8 at 3, ¶¶10–13]. Plaintiff should have filed separate motions for each of those requests. *See* E.D. TEX. LOC. R. CV-7(a). The Court excuses this error,[1] but many of Plaintiff's requests remain improper. As to amendment, this request is untimely since there was no deadline to extend when Plaintiff filed her motion because this Court had not yet adopted Judge Stetson's recommendation. Regarding service of process, the court will not (and cannot) address those issues until it is assured of jurisdiction.[2] The Court turns to Plaintiff's proper requests.

**Plaintiff's Request Under Rule 60(a)**

Federal Rule of Civil Procedure 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission" in "a judgment, order, or other part of the record." It is unclear why Plaintiff raises Rule 60(a). A Report and Recommendation is "part of the record," but Plaintiff identifies no mistakes in the Report and Recommendation nor specifies what correction she wants made. She explains that she made her motion so "that the record accurately reflects what the court intended," but she does not meaningfully explain what the Report and Recommendation should reflect to be more accurate. If Plaintiff desired this Court to review the substance, that is the function of objections, E.D. TEX. LOC. R. CV-72(c), which Plaintiff was informed she could file [Dkt. 7 at 6], but did not file. Plaintiff's request under Rule 60(a) is misplaced and therefore her motion is denied in that respect.

---

[1] Both this Court and Judge Stetson can and will strike future filings that do not comply with procedural rules.

[2] Moreover, Plaintiff's requests are phrased conditionally. But it is a longstanding principle that federal courts cannot issue "advisory opinions" about hypothetical scenarios on how the law might play out. *See, e.g.*, *Muskrat v. United States*, 219 U.S. 346, 352–59 (1911) (describing history and rationale). Plaintiff's numerous, alternative, "if this, then that" clarification requests, as well as her desire for the court to explain procedural rules and other laws, can only be entertained by advisory opinions, which the court will not provide. The current issue is jurisdiction.

### Plaintiff's "Motion for Clarification"

As noted, the Court will not provide advisory opinions. However, two points of confusion for Plaintiff deserve a brief discussion. First, Plaintiff apparently does not understand why her case was transferred [Dkt. 8 at 1]. As Judge Stetson said in the Report and Recommendation, "[o]n December 5, 2025, the Honorable Renée Harris Toliver, United States Magistrate Judge, determined that venue was improper in the Norther District of Texas and therefore transferred the case to the Eastern District of Texas, Sherman Division." [Dkt. 7 at 1 (citing [Dkt. 4 at 2–3])]. To ensure Plaintiff understands why, the Court will attach a copy of the transfer order to this order. Second, Plaintiff asks if her future filings should include the new case number assigned by the Eastern District of Texas [Dkt. 8 at 3, ¶14]. That case number is now this case's only case number, as this case was transferred. The local rules provide the requirements of form for proper pleadings.

### Review of Report and Recommendation

Plaintiff did not object to Judge Stetson's Report and Recommendation. As such, the Court reviews it for clear error, and finds none.

### Order

The Report and Recommendation [Dkt. 7] is ADOPTED.

Plaintiff's claims are hereby CONDITIONALLY DISMISSED. Plaintiff shall have fourteen (14) days to replead her complaint. If Plaintiff does not replead her claims to cure the deficiency identified by Judge Stetson [Dkt. 7], this case will be dismissed without prejudice for lack of jurisdiction.

**SIGNED this 13th day of February, 2026.**

Michael J. Truncale
United States District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICKA HALL, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:25-CV-3138-O-BK |
| | § | |
| WALMART INC., | § | |
| DEFENDANT. | § | |

ORDER

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* action was referred to the United States magistrate judge for case management.  Upon review of the complaint and the applicable law, the Court concludes that this action should be **TRANSFERRED**, *sua sponte,* to the United States District Court for the Eastern District of Texas, Sherman Division.

On November 17, 2025, Plaintiff Ericka Hall, a resident of Plano, Texas, filed a *pro se* complaint against Walmart Inc. for personal injuries she allegedly sustained when she existed the Walmart store at 6000 Coit Road, Plano, on November 18, 2023.   Doc. 3 at 3.  Plaintiff has paid the filing fee.

Venue in a civil case is governed by 28 U.S.C. § 1391(b), which aims to place lawsuits in the judicial district most connected to the parties or the events giving rise to the action.

Section 1391(b) provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

>  (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff's complaint confirms that a substantial part of the events giving rise to this cause of action occurred in Plano, Texas (Collin County), which lies within the jurisdictional boundaries of the United States District Court for the Eastern District of Texas, Sherman Division.  28 U.S.C. § 124(c)(3).  Defendant's store is also located in Colin County.  Further, Plaintiff does not assert that any acts or omissions occurred within the geographic region served by the United States District Court for the Northern District of Texas.  As such, venue is not properly laid in the Northern District of Texas.

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").  *See Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (concluding the district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice).

The Court concludes that it is in the interest of justice to transfer this *pro se* case to the Eastern District of Texas, Sherman Division, where a substantial part of the events at issue occurred.  Under the authority of Miscellaneous Order No. 6, the undersigned has the authority

to transfer a prisoner, pro se non-prisoner, or *in forma pauperis* case to the proper district or division.

Accordingly, it is **ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Eastern District of Texas, Sherman Division, for further proceedings.

**SO ORDERED** on December 5, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3